UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BASF CORPORATION                                             CIVIL ACTION

VERSUS                                                       NO. 13-42-JJB-RLB

MAN DIESEL & TURBO NORTH
AMERICA, INC.

**RULING ON DEFENDANTS' MOTION TO COMPEL**

Before the court is Defendant Man Diesel & Turbo North America, Inc.'s ("Man Diesel") "Motion to Compel Discovery and For Additional Time to Complete Discovery" ("Motion"). (R. Doc. 33). The Motion seeks an order from this court compelling an unequivocal verification that BASF Corporation's ("BASF") supplemental responses to Man Diesel's First Set of Interrogatories and Request for Production are complete. The Motion also seeks an extension of the discovery deadlines by 90 days to conduct additional discovery in light of BASF's supplemental production. BASF opposes the Motion to the extent it seeks to compel responses to discovery or an unequivocal verification that its supplemental responses are complete, but does not oppose the extension of the discovery deadlines. (R. Doc. 40). Man Diesel has filed a Reply. (R. Doc. 46).

Man Diesel has also moved for oral argument. (R. Doc. 34). Because the Motion can be decided on the written briefing and documents submitted by the parties, the court finds oral argument to be unnecessary.

**I.     Background**

This lawsuit arises out of the alleged failure of the C-300 Compressor at the ethylene oxide unit in BASF's chemical manufacturing facility in Geismer, Louisiana. BASF alleges that in

December of 2011 it contracted with Man Diesel to replace certain mechanical seals. BASF filed suit against Man Diesel in the 23rd Judicial District Court alleging breach of contract and negligence stemming from the failure of the C-300 Compressor following Man Diesel's replacement of the mechanical seals. Such failure resulted in significant damage to the C-300 Compressor and resulted in a 48-day shutdown of the ethylene oxide unit, resulting in damages to BASF. (R. Doc. 1-4 at 3-12).

On June 26, 2013, Man Diesel propounded its First Set of Interrogatories and Request for Production of Documents on BASF. (R. Doc. 33-1). The discovery requests at issue are Man Diesel's Request for Production Nos. 1 and 2, and Interrogatories Nos. 2 and 3, which are as follows:

> **REQUEST FOR PRODUCTION NO. 1:**
>
> Copies of any and all post accident investigation into the cause and origin of the failure of the C300 equipment including, but not limited to, any "root cause analysis" of the failure.
>
> **REQUEST FOR PRODUCTION NO. 2:**
>
> With regard to the foregoing investigation, please produce copies of any documents, including any emails and their attachments, as well as photographs, samples, printouts, analysis and/or any other writings or documents of any kind or character whatsoever produced in connection with or in support of any investigation into the cause and origin of the failure of the C300.
>
> **INTERROGATORY NO. 2:**
>
> Please identify any individuals or contractors who performed any test or analysis on the C300 after the failure, including any fluid or metallurgical analysis, including the full name of any individual, their corporate affiliation, address, contact information and the nature of any testing or analysis performed on the C300 and/or any component part thereof.
>
> **INTERROGATORY NO. 3:**
>
> Please identify each and every BASF employee and/or contract employee and/or contractor involved with the preparation of the C300 for repair and/or maintenance by the MAN DIESEL crew, prior to the arrival of the MAN DIESEL crew and/or Siemens manufacturer representative (Rene Scholz).

On September 3, 2013, BASF provided its initial discovery responses. (R. Docs. 40-3, 40-6). In its written response to Man Diesel's Request for Production No. 2, BASF reserved its right to supplement its responses if additional responsive information was discovered. (R. Doc. 40-3 at 3).

On October 7, 2013, counsel for Man Diesel requested a Rule 37 discovery conference because BASF did not provide a privilege log despite objecting to the discovery requests on grounds of privilege. (R. Doc. 33-6 at 3). Counsel for BASF responded that other than a redacted e-mail, "BASF is not aware of any other responsive documents that have not been produced." (R. Doc. 33-7 at 1). BASF produced a privilege log listing only this redacted email. (R. Doc. 33-10). Counsel for BASF further represented that "a final 'written' root cause report was never created," documents associated with the incident or root cause analysis had not been withheld on the grounds of privilege, and to his "knowledge all documents relating to the incident investigation or root cause analysis" had been produced as of October 7, 2013. (R. Doc. 33-7).

On March 20, 2014, the court extended the deadline for filing discovery motions and completing all discovery except experts to June 30, 2014. (R. Doc. 32 at 2).

On March 24, 2014, counsel for Man Diesel requested by email another Rule 37 conference to clarify and resolve remaining issues regarding BASF's discovery responses. (R. Doc. 33-5). Among other things, counsel for Man Diesel requested a verification under oath by a BASF representative with personal knowledge that BASF's root cause investigation was not reduced to writing or a single document. (R. Doc. 33-5 at 2). Furthermore, the email stated that Man Diesel's request regarding the root cause investigation was not limited to a final document or report, but also includes any "drafts, notes, emails or other electronic correspondence." (R. Doc. 33-5 at 3).

On March 27, 2014, the parties held a Rule 37 conference. At this conference, counsel for BASF informed counsel for Man Diesel that electronically stored information ("ESI") responsive to Man Diesel's requests for production had been located, but not yet produced. (R. Doc. 33-1 at 3).

3

Man Diesel represents that counsel for BASF agreed to produce this ESI on April 4, 2014 and also agreed to produce a supplemental privilege log, if necessary. (*Id*. at 3-4). On April 7, 2014, BASF produced to Man Diesel a flash drive containing ESI. (*Id*. at 4). Man Diesel claims that BASF "has failed to confirm, unequivocally, that the documents and data just produced are final and complete." (*Id*.). Man Diesel also claims that it has discovered an email in the ESI production suggesting that BASF's responses to Interrogatories Nos. 1 and 2 are insufficient because a certain Mr. Peschel and Mr. Scholbrock (who were identified on the ESI provided by BASF in its supplemental production) are not listed on BASF's initial or supplemental responses. (R. Doc. 33-1 at 12-14).

In its opposition, BASF represents that a "single" root cause failure analysis report was never created. (R. Doc. 40 at 2). In support of this representation, BASF has submitted a sworn affidavit of BASF Reliability Engineering Specialist Aaron Rose confirming that a single root cause failure report was never created. (R. Doc. 40-5). BASF represents that its initial September 2013 production "represented the entirety of responsive documents" after a reasonable search and that "BASF personnel or [the] undersigned counsel never withheld any responsive documents from the production that were known to them at the time." (R. Doc. 40 at 6). BASF further represents that its supplemental production in April 2014 contained the entire electronic "RCFA Folder" created by BASF in conjunction with the root cause failure analysis, with the exception of a document generated in 2002 that was withheld on the basis of attorney-client privilege. (R. Doc. 40 at 6).[1]

BASF also represents that its initial September 3, 2013 answer to Interrogatory No. 2 provided "a list of BASF personnel involved in the root cause analysis and a full explanation of such analysis." (R. Docs. 40-6 at 2-3, 40 at 7). BASF further represents that its April 8, 2014 supplemental answer to Interrogatory No. 2 (R. Doc. 40-7 at 1-5) provided "the names of additional

---

[1] It is unclear to the court whether BASF has produced a supplemental privilege log identifying this document as privileged. If not, BASF must produce such a supplemental privilege log no later than 14 days after the date of this Order.

4

parties involved in the post-failure analysis and a further detailed description of that process." (R. Doc. 40 at 7). BASF further represents that the names of Wolfgang Peschel and Thomas-Michael Scholbrock, two BASF employees based in Germany, were not included in responses to Interrogatory No. 2 because they did not conduct nor actively participate in the root cause failure analysis by Aaron Rose, although they were eventually advised of it. (R. Doc. 40 at 7-8). Similarly, despite Man Diesel's allegation that BASF never supplemented their initial response to Interrogatory No. 3, BASF represents that it did so in its April 8, 2014 supplemental answers (R. Doc. 40-7 at 5-6), by "providing additional responsive names as well as references to already-produced Supervisor Board Logs and Safe Work Permits." (R. Doc. 40 at 8).

Despite these representations by BASF, Man Diesel claims that BASF has not provided a satisfactory "unequivocal response that what it has produced is 'everything' that is not privileged and a privilege log for any documents withheld." (R. Doc. 41-3 at 2-3).

## II. Law and Analysis

### A. Motion to Compel

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A relevant discovery request seeks information that is "either admissible or reasonably calculated to lead to the discovery of admissible evidence." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484 (5th Cir. 1990) (quoting Fed. R. Civ. P. 26(b)(1)). Nonetheless, a party may withhold otherwise discoverable information on the basis of privilege. Fed. R. Civ. P. 26(b)(1).

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. A party seeking discovery under Rule 33 may serve interrogatories on any other party and the interrogatory "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 34 of the Federal Rules of Civil Procedure provides for the discovery

of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in possession, custody, or control of the documents or other evidence. Fed. R. Civ. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A).

A party who has responded to a written interrogatory or request for production "must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1).

If a party fails to answer interrogatories or permit inspection as required under Rules 33 and 34, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Under Rule 37(a)(5)(C) of the Federal Rules of Civil Procedure, if a motion to compel discovery is granted in part and denied in part, the court may apportion the reasonable expenses for the motion.

In essence, Man Diesel claims that, in light of the seven-month delay between BASF's initial discovery responses and its supplemental discovery responses, BASF's representations that it has completely responded to discovery in good faith cannot be trusted. As a remedy, Man Diesel seeks this court to require counsel for BASF to provide an unequivocal verification, under oath, that BASF has made a complete production of documents in response to Document Request Nos. 1 and 2, and has provided complete interrogatory answers in response to Interrogatories Nos. 2 and 3. The very nature of discovery, however, often precludes parties—particularly those in cases involving large businesses and document collections—from providing an unequivocal verification

that supplements to discovery will not be required. Rule 26(e)(1) of the Federal Rules of Civil Procedure anticipates the practical need for supplemental responses, and creates a duty to provide them. Indeed, Man Diesel's own document requests state that they "shall be deemed continuing in nature, so as to require supplemental and updated answers thereto if additional or different information is obtained prior to trial." (R. Doc. 40-1 at 1). The court is satisfied that BASF's representations in its briefing, which are subject to Rule 11, are sufficient to satisfy BASF's duties to respond to discovery under Rule 26. Furthermore, as requested by Man Diesel, a BASF employee with personal knowledge has verified under oath that there is no single written RCFA document yet to be produced and also identifies the only reports generated by BASF pertaining to the failure of the C-300. (R. Doc. 40-5).

It is clear that BASF should have located and produced all responsive and non-privileged ESI in its control and possession as part of its initial production. Man Diesel requested production of "[c]opies of any and all post accident investigation" and "copies of any documents, including any emails and [their] attachments, as well as photographs, samples, printouts, analysis, and/or any other writings or documents of any kind or character produced in connection with or in support of" the post-accident investigation. (R. Doc. 40-1 at 2). Taken together, these requests seek the production of electronically stored information. *See* Fed. R. Civ. P. 34(a) (2006 Amendment advisory committee's note) ("[A] Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information unless discovery in the action has clearly distinguished between electronically stored information and 'documents.'"). BASF has not presented to the court a sufficient explanation for why its "reasonable" search for ESI did not locate the electronic "RCFA Folder" that BASF has now produced. If BASF's search did locate the electronic "RCFA Folder," and counsel for BASF

initially sought to argue that those documents were privileged, then BASF should have produced a detailed privilege log withholding the responsive documents as privileged.

Regardless of its deficient handling of the electronic "RCFA Folder," BASF corrected the deficiency when it supplemented its production in April 2014.[2] In light of the absence of any description in the briefing before the court regarding BASF's search for responsive documents, including ESI, the court will require BASF to search for and produce any additional non-privileged documents, including ESI, responsive to Man Diesel's Requests for Productions Nos. 1 and 2. BASF must provide to Man Diesel any supplemental productions responsive to these discovery requests, as well as produce any necessary supplemental privilege logs, no later than 14 days from the date of this Order.[3]

### B. Motion to Extend Discovery Deadline

Man Diesel also requests an extension of the discovery deadline set for June 30, 2014 by 90 days to conduct additional depositions and written discovery in light of additional information in BASF's supplemental production. (R. Doc. 33-1). BASF does not oppose this request for an extension. (R. Doc. 40). The court finds good cause to extend the discovery deadline, and notes that this extension further serves to limit any potential prejudice due to the delay in producing the ESI discovery referenced above.

### III. Conclusion

For the reasons discussed above, **IT IS ORDERED** that Man Diesel's Motion (R. Doc. 33) is **GRANTED IN PART AND DENIED IN PART**. BASF must produce any additional documents,

---

[2] It is unclear from the briefing whether the electronic documentation contained in the RCFA Folder had already been produced in previous discovery responses, albeit in a different format. In its opposition, BASF represents that "all of the post-incident documents and photographs contained in the RCFA Folder had been previously produced to MAN Diesel" but were now being produced as the entirety of the RCFA Folder with a unique bates label production "so that there could be no confusion what BASF put into the RCFA folder during its investigation." (R. Doc. 40 at 7).

[3] Should any "new" documentation responsive to these discovery requests and subject to this Order be "discovered" outside of this 14 day time frame, BASF should be prepared to explain why, despite diligent efforts, that material had not been previously located and disclosed. Should the court be called upon to do so, a determination will be made as to whether this Order has been violated and what sanctions may be appropriate for such violation.

including electronically stored information, in its possession or control, that are responsive to Man Diesel's First Requests for Production Nos. 1 and 2. The remainder of relief requested is **DENIED**.

The parties shall each bear their own costs in connection with the Motion.

**IT IS FURTHER ORDERED** that Man Diesel's Motion for Oral Argument (R. Doc. 34) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the deadline to file all discovery motions and complete all discovery except experts is hereby extended to **September 29, 2014**. All other deadlines previously ordered remain in effect.

Signed in Baton Rouge, Louisiana, on June 23, 2014.

                                      **RICHARD L. BOURGEOIS, JR.**
                                      **UNITED STATES MAGISTRATE JUDGE**