UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BASF CORPORATION

v.

MAN DIESEL & TURBO NORTH
AMERICA, INC.

CIVIL ACTION

NO.   13-42–JWD-RLB

## RULING AND ORDER

This matter comes before the Court on the Motion in Limine to Exclude the Testimony of Dr. Fernando Lorenzo and Exclude Evidence (Doc. 145) filed by Defendant MAN Diesel & Turbo North America, Inc. ("MAN").  Plaintiff BASF Corporation ("BASF") opposes the motion. (Doc. 157.)  Oral argument is not necessary.  Having carefully considered the facts in evidence, law, and arguments of the parties, MAN's motion is denied.

**I.     Background**

This motion centers on the timeliness of certain productions related to BASF's expert Dr. Lorenzo and on the adequacy of his report.  Specifically, Lorenzo's expert report was due on September 30, 2014, and BASF submitted the report on that day.  On October 24, 2014, which was six days before the deadline for MAN's expert report, Lorenzo prepared an interim report that discussed the deposition of Manfred Chi, whose deposition was taken after Lorenzo produced his expert report.

On October 30, 2014, MAN submitted the expert report of Steven B. Kushnick.  In his seventy-page report, Kushnick opined that there was sufficient liquid in the piping system prior to system before startup to damage the compressor when it was started.

On January 13, 2015, MAN noticed Lorenzo's deposition for April 29, 2015, and, in the days before the deposition, BASF provided MAN with additional documents.  Specifically, on

April 23, 2015, MAN was provided with further "reliance materials of" Lorenzo. BASF asserts that these documents consisted of materials that "directly refute Mr. Kushnick's opinions." Additionally, on April 28, 2015, BASF sent figures 19-32 of Appendix V of Lorenzo's report via email. BASF stated that the figures were referenced in the text of the report but were apparently not provided when the report was published. BASF further stated that "[t]hese photos were all part of BASF's previous productions."

At the April 29, 2015 deposition, Lorenzo discussed BASF draining certain lines. MAN asserts that these opinions were not set forth in his expert report.

Additionally, at the April 29, 2015 deposition, Lorenzo disclosed that he interviewed other individuals in connection with his findings, but Lorenzo did not mention these interviews in his expert report. Some of the interviews were conducted months after Lorenzo submitted his expert report. Interviews with one of the witnesses occurred prior to Lorenzo preparing his report, but Lorenzo testified that he obtained no additional information from this witness during these interviews.

## II. Parties' Arguments

MAN complains that the documents referenced above were not produced timely. MAN further maintains that Lorenzo improperly relied on certain interviews in formulating his opinion and that he did not supplement his expert report. MAN argues that it suffered prejudice because the above discovery was conducted in April 2015, which was six months after MAN's expert report deadline.

BASF responds that this is "lay behind the log" gamesmanship. BASF argues that the documents produced before Lorenzo's deposition were "directly related to the claims made in Mr. Kushnick's report" and were "disclosed by Dr. Lorenzo during his expert deposition on

April 29, 2015, more than nine (9) months ago." BASF asserts that it timely disclosed all material relied upon by Lorenzo, and, to the extent it did not, such information was newly acquired evidence collected in response to Kushnick's report. Further, BASF asserts that most of the allegedly undisclosed material was considered *after* the report was prepared and was subsequently made known to MAN during the discovery process – that is, his deposition supplemented and expanded his expert report. Finally, BASF claims that, even if there were a Rule 26 violation, such violation was substantially justified or harmless, particularly given the lack of prejudice to MAN.

### III.     Analysis

The Court finds that, even if there were a Rule 26 violation, such violation was harmless. Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." (emphasis added). The Fifth Circuit has explained that "the basic purpose of [Rule 26 is to] prevent [] prejudice and surprise." *Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 446 (5th Cir. 2013) (quoting *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir.1994)). The Fifth Circuit has further explained:

> In evaluating whether a violation of rule 26 is harmless … [Courts] look to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose.

*Id.* at 447 (quoting *Tex. A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir.2003)).

The Court finds that these factor weigh in favor of allowing Lorenzo to testify. First, the testimony is unquestionably important to BASF, as it rebuts MAN's theory of causation.

3

Second, at the time of these alleged problems in April 2015, the trial was set for December 2015. Continuances were available to cure any deficiencies, as is evidenced by the fact that the case was in fact continued to February 2016. Third, BASF's explanation that the testimony is rebuttal and the evidence was previously produced, though not ideal, is not so reprehensible as to warrant exclusion of its expert.

Fourth, the Court again finds prejudice to be the most important factor here, and it weighs against exclusion. MAN has simply not demonstrated prejudice. As BASF notes, MAN is complaining about events that occurred nine months ago. MAN had ample opportunity to re-depose Lorenzo on any purportedly "new" issue or to seek an extension of the discovery deadlines to supplement its own expert report to respond to Lorenzo's opinion. In short, MAN's motion appears to be less about its own prejudice and more about a "gotcha" attempt to exclude BASF's expert on the eve of trial.

The Court finds persuasive *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771 (E.D. La. 2011). There, plaintiff argued that a doctor should be precluded under Rule 37 from providing testimony on subjects not covered by his expert report (specifically, the link between obesity and multiple myeloma (MM). *Id.* at 812. The Court explained:

> With respect to [the doctor's] proposed testimony regarding the link between obesity and MM, it should be noted that under Rule 37, expert testimony is not to be excluded if there is no prejudice to the opposing party. *See, e.g., Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 380 (5th Cir.1996). As Defendants have noted, the subject of obesity was discussed at [the doctor's] deposition, and an offer was made to have [the doctor] be re-deposed. Moreover, given that the trial date has been continued for about three months, there is ample time for Plaintiff to re-depose [the doctor] and to prepare rebuttal testimony. The Court cannot find the degree of prejudice that might otherwise warrant the exclusion of [the doctor's] testimony.

*Id.* at 813.

Similar reasoning applies here. The subjects at issue were discussed in Lorenzo's deposition. While there is no record of an offer to re-depose him, there is also no record of any request to do so or a refusal by BASF to accommodate such a request. Finally, as in *Wagoner*, there *was* time to prepare rebuttal testimony, particularly given the continuance.

In sum, even assuming there was a Rule 26 violation, it was harmless. The basic purpose of Rule 37 - preventing prejudice and surprise - would not be furthered by excluding Lorenzo. For this and the above reasons, MAN's motion is denied. However, MAN is hereby given seven (7) days, if it so desires, and if it has not already done so, to supplement Kushnick's report to address any new issues raised by Lorenzo.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude the Testimony of Dr. Fernando Lorenzo and Exclude Evidence (Doc. 145) is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 11, 2016.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**